UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-14174-ROSENBERG/MAYNARD

RAYMOND KENDALL SMITH, M.D.,

   Plaintiff,

v.

FOREST RIVER, INC., et al.,

   Defendants.
_____/

## ORDER DENYING PLAINTIFF'S SIXTH MOTION FOR EXTENSION OF TIME AND GRANTING DEFENDANT'S MOTION TO STRIKE

The matter comes before the Court upon Plaintiff's Sixth Motion for Extension of Time to file a response to Defendant's Motion for Summary Judgment and Defendant's Motion to Strike the untimely response. Because the Court denies Plaintiff's request for additional time, the Court sets forth below a detailed explanation for its decision.

The Court entered a scheduling order in this case on July 30, 2019. In that scheduling order, the parties were on notice that the deadline to file dispositive motions was February 26, 2020. As a result, Plaintiff had seven months' notice to prepare for the workload that the dispositive motions in this case would generate.

The case proceeded through discovery. At several points in time in the case, however, Plaintiff failed to meet deadlines. By way of example, the deadline for Plaintiff to file a response to Defendant's motion to dismiss was July 22, 2019. Three days after the deadline, July 26, 2019, Plaintiff filed a motion for extension of time to respond to the motion. The Court granted the

1

motion and gave Plaintiff the extra time that Plaintiff requested—an extension running through August 1, 2019.  Plaintiff did not file a response on August 1st.  Instead, Plaintiff filed a motion for extension of time on August 2nd.  The Court granted that request and, after the Court granted the request, Plaintiff filed an amended complaint.

Defendant filed a new motion to dismiss.  Plaintiff's response to the new motion to dismiss was due on September 12, 2019.  Plaintiff did not file a response, which prompted the Court to issue an order to show cause to Plaintiff.  Plaintiff responded to the Court's order to show cause by filing a response.

On February 26, 2020, Defendant filed a motion for summary judgment.  Defendant filed the motion for summary judgment on the deadline for dispositive motions—the deadline the Court set on July 30, 2019.  The deadline for Plaintiff to file a response to the motion for summary judgment was March 11, 2020.  Plaintiff filed a motion for extension of time.  Plaintiff requested that the deadline for a response be extended to April 2nd.  The Court denied that request, but did grant Plaintiff leave to file a response by March 20th.  On March 17th, Plaintiff filed his second request for an extension of time.  Plaintiff requested an extension running until March 27th.  The Court granted that request.  On March 27th, the day of the deadline, Plaintiff filed a third motion for extension of time.  Although the Court previously denied Plaintiff's request for an extension running through April 1st, Plaintiff again requested an extension running to April 1st.  The Court granted the request.

On April 1st, the day of the deadline, Plaintiff filed a fourth motion for extension of time.  Plaintiff requested an extension running through April 6th.  The Court granted Plaintiff's request, but the Court cautioned Plaintiff that "[n]o further extensions will be granted."  DE 108.  On April 6th, the day of the deadline, Plaintiff filed a fifth motion for extension of time, and requested an

2

extension running through April 7th. Plaintiff's fifth motion for extension of time was denied. DE 112.

Notwithstanding the Court's denial, Plaintiff did not file a response to Defendant's Motion for Summary Judgment on April 6th. Nor did Plaintiff file a response by April 7th, the day that Plaintiff stated his response would be ready. Ten days passed without Plaintiff filing a response, offering an explanation for his failure to file a response, or filing a sixth motion for extension of time. On the tenth day (April 16th), the Honorable Magistrate Judge Bruce E. Reinhart entered a Report and Recommendation on Defendant's Motion for Summary Judgment. In the Report, Magistrate Reinhart recommended that Defendant's statement of material facts be deemed admitted due to Plaintiff's failure to file a response.

Six more days passed, and on April 22nd Plaintiff settled this case at mediation with a different Defendant. The following day (April 23rd), Plaintiff filed a response to Defendant's Motion for Summary Judgment. Plaintiff's response was not accompanied by any motion for extension of time, and Defendant moved to strike the response as untimely. On April 26th, Plaintiff filed the sixth motion for extension of time before this Court.

In his sixth motion for extension of time, Plaintiff's counsel cites the reasons for delay as (1) problems with eye-strain reviewing the summary judgment record, (2) a busy trial schedule in March, (3) general stress arising from the COVID-19 pandemic, (4) staffing issues, and (5) time commitments associated with litigating discovery disputes in this case before a different Magistrate Judge. None of the foregoing, however, explains why Plaintiff did not file a response on April 7th—the date that Plaintiff represented would be sufficient in his fifth motion for additional time—nor does the foregoing explain why Plaintiff waited almost three weeks to file a motion for extension of time with an untimely response. Plaintiff's explanation for his three-week

3

delay is that he expected the Court to issue an order to show cause and, since no order to show cause was entered, Plaintiff did not file his response. That explanation is not satisfactory.

Plaintiff was granted lenient extensions of time throughout this litigation. Ultimately, however, Plaintiff was warned that no further extensions of time would be granted. Not only did Plaintiff disregard that warning, Plaintiff waited almost three weeks after the Court's final deadline to address his lack of a response. Additionally, Plaintiff waited until after this Court expended judicial resources in the form of a Report and Recommendation (on his failure to file a response) before filing his response, despite the fact that the Court waited to issue the Report until ten days after the date Plaintiff said his response would be ready. This is not excusable neglect. As explained by the Eleventh Circuit Court of Appeals:

> In the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket. Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline. . . . Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires. A district court must be able to exercise its managerial power to maintain control over its docket.

*Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). In the case quoted above, plaintiff's counsel was given four extensions of time to file a response to a motion for summary judgment. *Id.* The Court denied a fifth request for additional time, reminding the plaintiff that the court had already stated no further extensions of time would be granted. *Id.* Here, Plaintiff was given five extensions of time—more than those granted in *Young*. Moreover, requests for additional time may be denied when the request may have an impact on judicial proceedings, the request poses the risk of prejudice to a defendant, and when the reason for delay was in the control of the movant. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

4

(1993).  All of these factors favor the denial of a sixth request for additional time.  Plaintiff's request will impact these proceedings.  Due to Plaintiff's delay, Judge Reinhart has already drafted a Report and Recommendation that analyzes Plaintiff's lack of response, and trial is scheduled to begin in one month's time.[1]  Defendant has been prejudiced insofar as, should the request be granted, Defendant's Motion—filed in February—may not be ripe for review until May, mere weeks before trial.  Finally, the reason for Plaintiff's delay was in Plaintiff's control.  Plaintiff could have filed a response at least by the date Plaintiff said he would be prepared to do so—April 7th—but in lieu of a response Plaintiff waited almost three weeks; Plaintiff waited until an adverse ruling issued from Magistrate Judge Reinhart.  For all of the foregoing reasons, the Court exercises its discretion to deny Plaintiff's sixth request for additional time and grants Defendant's request to strike Plaintiff's untimely response.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Sixth Motion for Extension of Time [142] is **DENIED** and Defendant's Motion to Strike [DE 140] is **GRANTED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of April, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[1] Due to the current pandemic, a short continuance of trial may be necessary, should this case proceed to trial.